IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| HARRY NEWMAN, Administrator *Pendente Lite* of the Estate of Lauren B. Angstadt, Deceased, and THOMAS A. WALLITSCH, Administrator *Pendente Lite* of the Estate of Peter John Karoly, Deceased, and PATRICIA and JOHN MILOT, Co-Administrators of the Estate of Michael J. Milot, Deceased, | ) ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| EUROPEAN AERONAUTIC DEFENCE AND SPACE COMPANY EADS N.V., et al., | ) ) ) | |
| Defendants. | ) | CASE NO. 6:09-CV-193-JA-GJK |

**STIPULATION AND ORDER REGARDING THE
DISMISSAL OF DEFENDANTS PRATT & WHITNEY
CANADA, INC. AND UNITED TECHNOLOGIES CORPORATION**

This lawsuit arises from an aircraft accident which occurred on February 2, 2007 near the

New Bedford Regional Airport, New Bedford, Massachusetts.   The accident aircraft was

identified as a single-engine turboprop Socata TBM 700B aircraft, FAA Registration No.

N944CA ("the accident aircraft").

Included among the named defendants is Pratt & Whitney Canada Corp. ("**PRATT**").

Also named and included as defendants are Pratt & Whitney Canada, Inc. and United

Technologies Corporation (the "**PRATT RELATED DEFENDANTS**").   Neither **PRATT** or

the **PRATT RELATED DEFENDANTS** have filed a responsive pleading in this case.

Counsel for **PRATT** and the **PRATT RELATED DEFENDANTS** has represented to

plaintiffs' counsel that the **PRATT RELATED DEFENDANTS** are not necessary parties to this

lawsuit.  Defendant **PRATT** further represents that it is the proper party, as among itself and the

**PRATT RELATED DEFENDANTS**, and that, without waiving applicable objections, that it

would be the party that may have possession, care, custody, control and/or access to documents,

records or other information which may be requested in discovery by plaintiffs in this matter.

Therefore, in reliance upon such representations, plaintiffs, **PRATT** and **THE PRATT**

**RELATED DEFENDANTS**, hereby stipulate and agree as follows:

1. **THE PRATT RELATED DEFENDANTS** need not appear and need not file

responsive pleadings in this matter, and the **PRATT RELATED DEFENDANTS** and each of

them are hereby voluntarily dismissed without prejudice pursuant to Federal Rule of Civil

Procedure 41;

2. Plaintiffs, **PRATT** and the **PRATT RELATED DEFENDANTS**, further

stipulate and agree that this dismissal is without prejudice;

3. **PRATT** will file an Answer or other responsive pleading to Plaintiff's Amended

Complaint on or before May11, 2012;

4. In the event that plaintiffs determine it necessary to rejoin one or both of the

**PRATT RELATED DEFENDANTS** in this litigation, it is hereby stipulated and agreed that

plaintiffs may do so at any time during the pendency of this litigation up to and including thirty

(30) days before the Court-ordered close of fact discovery ("Rejoinder Period") without

prejudice to the **PRATT RELATED DEFENDANTS**' right to conduct further discovery, name

experts and otherwise participate fully in the litigation.  If plaintiffs do re-file against one or both

of the **PRATT RELATED DEFENDANTS** during the Rejoinder Period, it is further stipulated

and agreed on behalf of defendant **PRATT**, and the **PRATT RELATED DEFENDANTS** and

each of them, that the statute of limitations will not be raised as a defense, and further, that

undersigned counsel for **PRATT** hereby agrees, in accordance with Rule 4 of the Federal Rules of  Civil Procedure, to accept service of the Notice of Lawsuit and Request for Waiver of Service of Summons and also to execute and return the Waiver of Service of Summons to undersigned counsel for plaintiffs, thereby waiving service of summons on any said related defendant or related defendants; however, by agreeing to do so, any **PRATT RELATED DEFENDANT** so joined does not waive any defenses and specifically retains all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons;

5.      Defendant, United Technologies Corporation, shall be and is removed from the caption of the case;

6.      Defendant, Pratt & Whitney Canada, Inc., shall be and is removed from the caption of the case; and

7.      For the purposes of this action only, defendant, Pratt & Whitney Canada Corp., voluntarily submits to the *in personam* jurisdiction of this Court with respect to plaintiffs' claims in this case and also waives the defense of lack of *in personam* jurisdiction, and also agrees by counsel to waive service of process, to the extent required in this action.

8.      Undersigned counsel are fully authorized to bind their respective clients to the terms and conditions set forth herein.

It is so stipulated by the parties.

Dated this 12th day of April 2012.

By their attorneys,

***Counsel for the Plaintiffs***

THE MAHER LAW FIRM, P.A.


*/s/ J. Brent Smith*
J. Brent Smith (FL Bar No. 10837)
Steven R. Maher (FL Bar No. 887846
631 West Morse Blvd., Suite 200
Winter Park, FL 32789
Telephone:  (407) 839-0866
Facsimile:  (407) 425-7958
E-mail:  jbsmith@maherlawfirm.com
E-mail:  smaher@maherlawfirm.com


and


LAW OFFICE OF RICHARD E. GENTER


*/s/ Richard E. Genter*
Richard E. Genter, Esquire
610 Old York Road, Suite 200
Jenkintown, PA  19046
Telephone:  (215) 884-8190
E-mail:  richard@genterlaw.com

*Counsel for Plaintiff Harry Newman, Administrator
Pendente Lite of the Estate of Lauren B. Angstadt,
Deceased*

KREINDLER & KREINDLER LLP


*/s/ Daniel O. Rose*
Daniel O. Rose, Esquire
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY  10017
Telephone:  (212) 687-8181
e-mail:  drose@kreindler.com

*Counsel for Plaintiff Thomas A. Wallitsch, Administrator Pendente Lite of the Estate of Peter John Karoly, Deceased*


THE BEASLEY FIRM, LLC


*/s/ James E. Beasley, Jr.*
James E. Beasley, Jr., Esquire
The Beasley Building
1125 Walnut Street
Philadelphia, PA  19107-4997
Telephone:  (215) 931-2676
E-mail:  jim.Beasley@beasleyfirm.com


*Counsel for Plaintiffs Patricia and John Milot, Co-Administrators for the Estate of Michael J. Milot, Deceased*


**Counsel for the Defendants**

COLE SCOTT & KISSANE, PA


*/s/ Thomas E. Scott, Jr.*
Thomas E. Scott, Jr., Esquire
9150 S. Dadeland Blvd., Suite 1400
Miami, FL  33156
Telephone:  (305) 350-5385
E-mail:  Thomas.scott@csklegal.com
*Counsel for Defendants Pratt & Whitney Canada, Inc. and  United Technologies Corporation*

and

FITZPATRICK & HUNT, TUCKER, COLLIER,
PAGANO, AUBERT LLP


*/s/ Jason L. Vincent*
Jason L. Vincent, Esquire
*(Pro Hac Vice Motion to be Submitted)*
12 East 49th Street
Tower 49, 31st Floor
New York, NY  10017
Telephone:  212-937-4000
E-mail:    jason.vincent@fitzhunt.com

*Counsel for Defendants Pratt & Whitney Canada,*
*Inc. and United Technologies Corporation*



IT IS SO ORDERED.

BY THE COURT:

Date:

J.

6

## CERTIFICATE OF SERVICE

I, Richard E. Genter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 12, 2012.

*Counsel for the Plaintiffs*

LAW OFFICE OF RICHARD E. GENTER

*/s/ Richard E. Genter*_____
Richard E. Genter, Esquire
610 Old York Road, Suite 200
Jenkintown, PA  19046
Telephone:  (215) 884-8190